**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSH GROSSBERG and LISA OLIVO, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>Equifax Inc.,<br><br>　　　　　　　Defendant. | No. 17-cv-5280<br><br>**COMPLAINT FOR NEGLIGENCE AND CONSUMER FRAUD**<br><br>**JURY TRIAL DEMANDED** |

　　　　Plaintiffs Josh Grossberg and Lisa Olivo ("Plaintiffs"), by their undersigned counsel, allege the following upon personal knowledge as to their own acts and upon information and belief as to all other matters.

### NATURE OF THE ACTION

　　　　1.　　This is a nationwide class action on behalf of all persons whose personal identifying financial information was provided to Equifax Inc. ("Equifax" or "Defendant") arising out of Defendant's "data breach," which resulted in a third party obtaining the names, birth dates, *Social Security numbers*, addresses and some driver's license numbers, of more than 140 million consumers.

　　　　2.　　Social security numbers, and the other identifying information that was taken from Defendant's databases, are among the most highly sensitive information that consumers possess.  The theft of this information may allow a thief to impersonate a consumer and obtain access to nearly every account that consumer owns.  As explained by a cyber-security expert,

> This is a security risk for any and every website that anyone uses. . . . Most often, security questions to access [] websites use that data, like a previous address, so this becomes an open-source intelligence nightmare[]. It's nasty. If I can get my hands on

that information I can call a bank. They're going to ask me for your social, address, the information that was leaked here, to get access.

3. Plaintiff and the Class are now subject to the serious and real risk that highly confidential information they shared or allowed to be shared with Equifax, in reliance on Equifax's assurances of security, will be used to their detriment.

4. Although Defendant knew about the data breach as early as July 29, 2017, it did not disclose the breach to the public until September 7, 2017.  As a result, Plaintiff and the Class remained ignorant that their sensitive information was compromised and were unable to take any actions to protect themselves for over a month.

5. Moreover, unlike other data breaches, not all of the people affected by the Equifax breach may be aware that they're customers of the company. Equifax gets its data from credit card companies, banks, retailers, and lenders who report on the credit activity of individuals to credit reporting agencies, as well as by purchasing public records.  People affected may not realize that Equifax has their data.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d).  At least one member of the Class is of diverse citizenship from Defendant, damages are over $5,000,000 exclusive of interest and costs, and the Class contains more than 100 members.

7. Venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred in this District, including Plaintiffs' provision of information to Defendant, purchase and/or use of Defendant's services, and purchase of credit monitoring services as a result of Defendant's data breach.

## THE PARTIES

8.      Plaintiff Josh Grossberg is a citizen of the State of New York, residing in Queens, New York.  Plaintiff provided sensitive information to Defendant, including his social security number, current and former address, date of birth, and other identifying information, in order to receive one or more credit reports and in connection with the purchase of access to view his credit score.  Plaintiff paid $21.76 to purchase credit monitoring services to protect himself as a result of Defendant's data breach.

9.      Plaintiff Lisa Olivo is a citizen of the State of New York, residing in Queens, New York.  Plaintiff provided sensitive information to Defendant, including her social security number, current and former address, date of birth, and other identifying information, in order to receive one or more credit reports and in connection with the purchase of access to view her credit score.

10.     Defendant Equifax is a Georgia company with headquarters at 1550 Peachtree Street, NW, Atlanta Georgia.  Equifax is one of the three major credit reporting and monitoring agencies in the United States.  As a result of a law passed in 2003, each person in the United States is entitled to one free credit report per year from Equifax.  Consumers can also purchase access to their credit score from Defendant for a fee.  Equifax also provides identity theft monitoring and protection services, and sells information about consumer "credit intelligence" to businesses.  According to its SEC filings, Defendant's operating revenue was over $3 billion in 2016.  Over $1 billion of that revenue came from "U.S. Information Solutions."

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the following nationwide class of consumers (the "Class") and the following New York Sub-Class (the "Sub-Class"):

**Class:**

All persons in the United States (a) whose personal information was provided to Defendant from September 8, 2014 through the present and/or (b) were subject to risk of data loss, credit harm or identity theft and purchased third-party credit monitoring services as a result of Defendant's data breach.

**Sub-Class:**

All persons in the State of New York (a) whose personal information was provided to Defendant from September 8, 2014 through the present and/or (b) were subject to risk of data loss, credit harm or identity theft and purchased third-party credit monitoring services as a result of Defendant's data breach.

12. Excluded from the Class are all attorneys for the class, any judge presiding over this action, Defendant, and any corporations, partnerships or other entities owned by Defendant.

13. Members of the Class are so numerous that joinder of all members would be impracticable. According to news reports, the personal information of up to 143 million consumers was compromised.

14. Questions of law and fact are common to all the members of the Class that predominate over any questions affecting only individual members, including:

    a. Whether Defendant had a duty to safeguard the sensitive identifying information of Plaintiffs and the Class;

    b. Whether Defendant breached that duty;

    c. Whether the data of Plaintiff and the Class was compromised;

4

      d.      Whether Defendant's conduct was deceptive, misleading, unfair or unconscionable; and

      e.      The amount by which Plaintiffs and the Class were damaged.

15.     Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs.

16.     Plaintiffs will protect the interests of the Class fairly and adequately, and Plaintiffs have retained attorneys experienced in class action litigation.

17.     A class action is superior to all other available methods for this controversy because:

      a.      The prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

      b.      The prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for defendant;

      c.      Defendant acted or refused to act on grounds generally applicable to the Class; and questions of law and fact common to members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**SUBSTANTIVE ALLEGATIONS**

18. Defendant collects highly sensitive information from consumers to provide credit reports, among other things. Defendant's website states:

> Specifically, we get information from you when you ask for a free credit report or other services provided through this website. We collect the following information from you online so we can process your requests:
>
> - First and last name (middle initial and suffix, as applicable)
> - Social Security Number
> - Date of birth
> - Current and former mailing address
> - Other information we may need to process your request

19. In addition, Defendant receives data from credit card companies, banks, retailers, and lenders who report on the credit activity of individuals to Equifax, as well as by purchasing public records.

20. In connection with its collection of this highly sensitive personal information, Defendant represents that it provides the highest levels of security possible.

21. Defendant's website states that the customer is engaging in a "Secure Transaction: For your protection, this website is secured with the highest level of SSL Certificate encryption." Equifax also has a representation on its website stating: "We know how important it is for your online transactions to be secure. We safeguard the privacy of the information you give us when you fill out our forms online. We encrypt the information to protect it while you are filling out the form, and also when we send the information to any of the nationwide consumer credit reporting companies. We use physical, electronic, and procedural safeguards to protect your personal information."

22. In addition to any representations Defendant makes, Defendant has a duty, as a result of being entrusted with sensitive financial information, to keep that information safe from disclosure to or appropriation by unauthorized parties.

23. Defendant failed to live up to its representations or duties, and, as Defendant announced on September 7, 2017, the personal information of more than 140 million users may have been compromised in a data breach and/or accessed by an unauthorized third party beginning in May, 2017.

24. Although Defendant learned of the data breach on July 29, 2017, it did not inform Plaintiff and the Class of the data breach until September 7.

25. As a result of the data breach, Plaintiffs and the Class have been subject to a heightened risk of credit harm, financial harm, and/or identity theft and/or have been required to pay for third party credit repair and monitoring services.

## COUNT I
### Negligence
**(Brought on Behalf of the Class and the Sub-Class)**

26. Plaintiffs incorporate and re-allege all of the preceding paragraphs as if they were fully set forth herein.

27. Defendant had a duty to safeguard the sensitive financial information of Plaintiffs and all similarly situated persons.

28. Defendant failed to safeguard that information, and therefore breached its duty to Plaintiffs and all similarly situated persons.

29. As a direct and proximate result of Defendant's breach, Plaintiffs and all similarly situated persons were harmed in an amount to be determined at trial.

## COUNT II
## Consumer Fraud
### (Brought on Behalf of the Class)

30. Plaintiffs incorporate and re-allege all of the preceding paragraphs as if they were fully set forth herein.

31. Defendant engaged in deceptive, unconscionable and/or unfair business practices by, among other things, stating or implying that it would keep and protect the information of Plaintiffs and the Class.

32. Plaintiffs and the Class were harmed by Defendant's deceptive, unconscionable, and/or unfair business practices in amounts to be determined at trial. Plaintiff and the Class are entitled to, among other things, compensatory damages, statutory damages and penalties, and punitive damages.

## COUNT III
## Breach of Contract
### (Brought on Behalf of the Class and the Sub-Class)

33. Plaintiffs incorporate and re-allege all of the preceding paragraphs as if they were fully set forth herein.

34. Plaintiffs and the Class entered into contracts with Defendant. By its failure to protect the information of Plaintiff and the Class, Defendants have breached those contracts and have also breached implied duty of good faith and fair dealing that is present in every contract.

35. Plaintiff and the Class have been damaged in an amount to be proven at trial.

## COUNT IV
## N.Y. G.B.L. Section 349 and 350
### (Brought on Behalf of the Sub-Class)

36. Plaintiffs incorporate and re-allege all of the preceding paragraphs as if they were fully set forth herein.

37. Plaintiffs and other members of the Sub-Class are "consumers" in accordance with GBL §349.

38. Defendant's statements concerning data protection alleged above, and/or other statements concerning data protection, were advertisements in accordance with GBL §350.

39. At all relevant times material hereto, Defendant conducted trade and commerce in New York and elsewhere within the meaning of GBL §349.

40. Defendant's reassurances that it would protect the Sub-Class members' information and/or Defendant's failure to disclose flaws in its data protection were misleading in violation of GBL §§349 and 350.

41. As a direct and proximate result of Defendant's conduct, Plaintiff and the Sub-Class were harmed in an amount to be proven at trial and/or are entitled to statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant Plaintiff and the Class the following relief:

A. An order certifying this case as a class action on behalf of the Class and the Sub-Class defined herein under Federal Rule of Civil Procedure 23 (a) and (b)(3), appointing Plaintiffs as Class Representatives, and appointing Plaintiffs' counsel as Class Counsel;

B.	Award Plaintiffs and the Class all statutory damages, compensatory damages, punitive damages, liquidated damages, pre-judgment interest, and post-judgment interest, statutory damages, and any other damages that may be just and proper;

C.	Award Plaintiffs and the Class their reasonable attorneys' fees, costs and expenses as authorized by law; and

D.	Grant in favor of Plaintiffs and the Class such other relief as may be just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

DATED: September 8, 2017			**GARDY & NOTIS, LLP**

By: s/Orin Kurtz
Mark C. Gardy
Orin Kurtz
Tower 56
126 East 56th Street, 8th Floor
New York, New York 10022
Tel: (212) 905-0509
Fax: (212) 905-0508
mgardy@gardylaw.com
okurtz@gardylaw.com

MAYERSON & HARTHEIMER, PLLC
David Hartheimer, Esq.
845 Third Ave., 11th Floor
New York, N.Y. 10022
Tel: (646) 778-4381
Fax: (501) 423-8672
David@mhlaw-ny.com

*Attorneys for Plaintiffs*